UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA ESTHER CALDERON ORTIZ,

                      Plaintiff,

-against-

PACE UNIVERSITY,

                      Defendant.

23-cv-3829 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant discriminated against her based upon her race, disability, and age. By order dated August 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Pace University through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

It is Plaintiff's obligation to provide an address for service; service of court orders cannot be accomplished if a party does not update the court when a change of address occurs. Accordingly, Plaintiff must notify the Court in writing if there is any change in her address or electronic contact information. The Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Pace University, complete the USM-285 form with the addresses for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  February 29, 2024
       New York, New York

                                                LEWIS J. LIMAN
                                        United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Pace University
One Pace Plaza
New York, New York 10038