```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/07/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ANA ESTHER CALDERON ORTIZ,                                        :
:
                Plaintiff,                          :
:    23-cv-3829 (LJL)
      -v-                                                        :
:    MEMORANDUM AND
PACE UNIVERSITY,                                                  :    ORDER
:
                Defendant.                          :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Defendant Pace University ("Pace" or "Defendant") moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing the complaint of pro se Plaintiff Ana Esther Calderon Ortiz ("Plaintiff"). Dkt. No. 9. Plaintiff has not opposed the motion. For the reasons that follow, the motion to dismiss is granted without prejudice.

**I.    Background**

        Plaintiff filed her complaint on May 8, 2023. Dkt. No. 1. The complaint alleges that Plaintiff was a student at Pace University since 2018. *Id.* at 7.[1] She became sick with depression while taking classes. *Id.* She applied for medical leave to have time to recover, but the school only allowed for two trimesters of medical leave. *Id.* The school refused to provide medical absence allowance for the fall 2019 semester, which affected Plaintiff's GPA and disqualified her from continuing as a student. *Id.* This also disqualified Plaintiff from receiving the presidential scholarship that she was awarded. *Id.* The school only allowed medical leave for the upcoming semester, not the unfinished semester. *Id.* at 8. Pace denied Plaintiff medical leave for Fall 2020, all of 2021, all of 2022, and the beginning of 2023. *Id.* Pace also cancelled

---
[1] Page numbers in the complaint use ECF pagination.

Plaintiff's registration. *Id.* Plaintiff believes the school took these actions due to her race, sickness, and age. *Id.*

Plaintiff alleges that she suffered injuries including depression, shame, and loss of enjoyment of life, and that the stress caused her to seek medical treatment. *Id.* She also states that Pace's actions affected her career trajectory. *Id.* She seeks monetary damages as well as reinstatement as a student. *Id.* She brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and states that she suffered racial discrimination. *Id.* Plaintiff also attaches approximately 85 pages of supporting documents to her complaint, including a scholarship agreement, transcripts and other academic records, resume, employment documentation, communications with Pace, and medical records. *Id.* at 4–89.

On April 1, 2024, Pace filed a motion to dismiss and supporting memorandum of law. Dkt. Nos. 9–10. Pace argues that Plaintiff has not alleged that she suffered an injury sufficient to confer standing and has not stated a cognizable claim under the ADA or other relevant law. Dkt. No. 10. On October 21, 2024, the Court issued an order noting that Plaintiff had not responded to the motion to dismiss and stating that absent a response by November 4, 2024, the Court would consider the motion to be unopposed. Dkt. No. 12. That deadline has passed, and no party has filed any further papers with the court.

**II.    Legal Standard**

On a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002). This requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must

offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556.

The Court construes pro se pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). Although the motion to dismiss is unopposed, Plaintiff's failure to oppose the motion does not itself justify the dismissal of the complaint. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). "In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322).

### III.  Rule 12(b)(1)

Pace is incorrect that Plaintiff's complaint fails to establish Article III standing or should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Dkt. No. 10 at 3–

3

4.[2] Article III standing requires a plaintiff to show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Standing limitations ensure that the plaintiff has a "personal stake" in the case, as "a federal court may resolve only 'a real controversy with real impact on real persons.'" *Id.* (quoting *Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 87 (2019) (Gorsuch, J., concurring)).

Importantly, "[t]he issue of standing is distinct from whether a plaintiff has a cause of action." *Toretto v. Donnelley Fin. Sols., Inc.*, 523 F. Supp. 3d 464, 473 (S.D.N.Y. 2021); *see Carver v. City of New York*, 621 F.3d 221, 226 (2d Cir. 2010) (collecting cases). "While the pleading of a cause of action must possess enough heft to show that the pleader is entitled to relief, to plead standing, the pleader need only show that allowing her to raise her claim in federal court would not move so beyond the court's ken as to usurp the power of the political branches." *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 111 (2d Cir. 2018) (internal citation and quotation marks omitted). "Unless an allegation of injury is so insubstantial . . . as not to involve a federal controversy, the mere fact that it raises a federal question . . . confers power [on a federal court] to decide that it has no merit, as well as to decide that it has." *Id.* (internal citations and quotations omitted). The distinction between standing and the merits is important because a dismissal for lack of standing under Rule 12(b)(1) is without prejudice, while a dismissal for failure to state a claim under Rule 12(b)(6) is on the merits and may have preclusive effect. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017)

---

[2] A dismissal for lack of Article III standing is "one for lack of subject matter jurisdiction," and therefore a standing challenge may be brought under Rule 12(b)(1). *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016).

4

("[W]here a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice."); *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co*., 436 F.3d 82, 88 n.6 (2d Cir. 2006).

Although Plaintiff's claim is deficient on the merits, she has Article III standing. There is a "real controversy" between Plaintiff and Pace. *TransUnion*, 594 U.S. at 423 (citation and quotation marks omitted). Plaintiff alleges a number of specific injuries, including that the school "did not provide medical allowance for the autumn 2019 semester," that she was disqualified from receiving the presidential scholarship, and that the school cancelled her registration. Dkt. No. 1 at 8–9. These alleged injuries are not "hypothetical or abstract." *TransUnion*, 594 U.S. at 423. Crediting Plaintiff's allegations as true, she actually was denied medical leave, and her registration was actually cancelled. Plaintiff alleges these injuries were caused by Pace refusing to accommodate her depression, and therefore brings a claim under the ADA, a federal statute. *Id.* at 7. A federal court has power to hear such a case. If Plaintiff's allegations are not sufficient to state a cause of action, this is properly addressed under Rule 12(b)(6).[3]

**IV.    Rule 12(b)(6)**

Under Rule 12(b)(6), Defendant is correct that Plaintiff fails to state a cause of action. Therefore, the motion to dismiss must be granted.

Plaintiff primarily brings claims under the ADA. Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment

---

[3] Defendant's reliance on *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 74 (2d Cir. 2022), is inapposite. Dkt. No. 10 at 6–7. *Calcano* states the standard for injunctive relief under the ADA, which requires a continuing injury. *See* 36 F.4th at 74. Although Plaintiff's complaint can be read to seek injunctive and other equitable relief, she clearly states she seeks monetary damages. Dkt. No. 1 at 8. She has standing to seek monetary damages for past injuries regardless of the likelihood of future injury.

of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).  To support such a claim, a Plaintiff must allege "that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).  Plaintiff adequately alleges that she suffered from a disability, depression. *See MacEntee v. IBM*, 783 F. Supp. 2d 434, 443 (S.D.N.Y. 2011) (noting that "depression may qualify as a disability for purposes of the ADA" when it "substantially limits a major life activity"), *aff'd*, 471 F. App'x 49 (2d Cir. 2012).  And as a private university, Pace is a place of public accommodation to which the ADA applies. *See McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007); 42 U.S.C. § 12181(7)(J).

However, Plaintiff does not adequately allege that Pace discriminated against her based on her depression.  She asserts that the school did not allow her to take the medical leave that was needed for her depression.  Dkt. No. 1 at 7.  However, she does not allege any facts to support that such a leave would have been a reasonable accommodation for her disability or that its denial constituted disability discrimination. *See Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) ("[W]hile a covered entity 'must make "reasonable accommodations," it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice.'" (quoting *McElwee v. Cty. of Orange*, 700 F.3d 635, 641 (2d Cir. 2012)).  The complaint does not explain when Plaintiff sought leave, what she told the school in requesting leave, why the school refused the leave, or other relevant facts.  Plaintiff asserts that the school denied her medical leave for fall 2019, fall 2020, all of 2021 and 2022, and the beginning of 2023. *Id.* at 8.  It is not clear how these various

dates connect to Plaintiff's claim or which of these semesters forms the basis of Plaintiff's complaint. As currently pled, the complaint simply states that Plaintiff requested an accommodation for her disability, that the accommodation was denied, and that the denial was discriminatory. While the Court will interpret a pro se complaint liberally, the plaintiff is required to provide factual allegations supporting her claim. *See Iqbal*, 556 U.S. at 662 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557)); *Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019) ("[D]ismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations.").

Plaintiff's complaint also does not state a claim for other types of discrimination or deprivation of civil rights. Plaintiff asserts that she believes Pace discriminated against her based on her race and age. Dkt. No. 1 at 8. Such discrimination is prohibited under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* However, a plaintiff's "mere subjective belief" that discrimination has occurred cannot sustain a discrimination claim. *Baptiste v. Cushman & Wakefield*, 2007 WL 747796, at *7 (S.D.N.Y. Mar. 7, 2007). A plaintiff must provide "specific factual allegations" linking her negative treatment to the relevant characteristic. *Stefanoni v. Darien Little League, Inc.*, 101 F. Supp. 3d 160, 183 (D. Conn. 2015). Here, Plaintiff only states in a general manner that she believes there was a connection between Pace's actions and her race or age. Dkt. No. 1 at 8. This is not sufficient to survive a motion to dismiss. *See Brown v. Montefiore Med. Ctr.*, 2022 WL 392313, at *3 (S.D.N.Y. Feb. 9, 2022) ("In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to

constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." (citation omitted)).

Some relevant facts may be contained in the exhibits attached to Plaintiff's complaint. *See* Dkt. No. 1 at 10–89. However, the Court is not required to search through these exhibits for facts which were not stated in the complaint. The plaintiff is required to make a "short and plain statement of a claim for which relief could be granted" in the complaint, so that the defendant can understand the plaintiff's claim and frame a response. *See Ahmad v. Experian Info. Sols., Inc.*, 2023 WL 8650192, at *5 (S.D.N.Y. Dec. 14, 2023) ("Defendant is entitled to know the allegations against it, and to have those allegations framed in separate paragraphs, 'with sufficient clarity to allow the defendant to frame a responsive pleading.'" (citation omitted)). A plaintiff may not send the defendant and court on a "needlessly complicated adventure" through attached documents to construct a claim. *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015). Plaintiff must state the relevant facts in her complaint.

## V. Leave to Replead

"[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead," especially when a plaintiff is proceeding pro se. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (citations omitted); *see Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (summary order) ("District courts should generally not dismiss a pro se complaint without permitting at least one opportunity to amend."). Therefore, Plaintiff may replead her complaint, if she so chooses, addressing the deficiencies noted above.

## CONCLUSION

The motion to dismiss is GRANTED without prejudice. Plaintiff must file any amended complaint by March 10, 2025. In the absence of a timely-filed amendment, the Court will direct the Clerk of Court to close this case.

The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 9 and 10.

SO ORDERED.

Dated: January 7, 2025
       New York, New York

                                              LEWIS J. LIMAN
                                       United States District Judge